In the Matter of NEW YORK RAILWAYS CORPORATION, Respondent, against CITY OF NEW YORK et al., Appellants.

522

Argued January 5, 1942; decided March 5, 1942.

*William C. Chanler, Corporation Counsel* (*Arthur A. Segall, Meyer Bernstein* and *William B. Trafford* of counsel), for appellants. Section 48 of the Tax Law (Cons. Laws, ch. 60) expresses the legislative intention to limit the allow-

able credit against the tax on a separate special franchise to the percentage payment made thereunder. It precludes the application of any surplus credit to the tax upon another special franchise. The operation of the statute is unaffected by the circumstance of common ownership of several franchises. (*Heerwagen* v. *Crosstown St. Ry. Co.*, 90 App. Div. 275; 179 N. Y. 99; *People ex rel. Third Ave. R. R. Co.* v. *Tax Comrs.*, 212 N. Y. 472.)

*James A. Fowler, Jr.*, for respondent. The single lump sum basis of valuation is the lawful and proper method of assessment. (*People ex rel. Metropolitan St. Ry. Co.* v. *State Board of Tax Comrs.*, 174 N. Y. 417; 199 U. S. 1; *Robertson* v. *Downing*, 127 U. S. 607; *United States* v. *Falk*, 204 U. S. 143.) There was only one special franchise tax due and payable under the provisions of law by the railways corporation. All deductions to which the corporation was entitled under section 48 of the Tax Law had to be credited against that tax. (*New York Railways Co.* v. *City of New York*, 164 App. Div. 871; 218 N. Y. 483; *City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543; *Matter of Kolb* v. *Holling*, 285 N. Y. 104; *Matter of 440 E. 102nd St. Corp.* v. *Murdock*, 285 N. Y. 298.)

LEHMAN, Ch. J. Until June, 1936, New York Railways Corporation operated a street surface railway system in the city of New York. No single special franchise for the operation of the entire system was at any time granted to it. It operated the system under special franchises for the operation of street railways, over component parts of the system, which had been granted to railroad corporations formed for such operation. Prior to 1935, though the New York Railways Corporation had acquired the assets (including the special franchises) of corporations which had originally received franchises for the operation of street railways over large parts of the system, the special franchises for the operation of street railways over other parts of the tracks of the system were still owned by existing street railway corporations. These corporations were controlled

by New York Railways Corporation, but were not merged in it and constituted separate corporate entities. The tax on each special franchise owned by a separate railway corporation was separately assessed as required by the Tax Law (Cons. Laws, ch. 60). Under the provisions of section 48 of that statute each railway corporation was then permitted to deduct from the tax so assessed the amount which such corporation was required to pay to the city on " account of such special franchise, granted to or possessed by such * * * corporation, which payment was in the nature of a tax * * *."

In 1934 and the first part of 1935 New York Railways Corporation acquired, by foreclosure or other proceedings, the assets and special franchises of all the remaining separate corporations owning any part of the tracks of the system. The State Tax Commission then assessed a single special franchise tax upon the franchise right of New York Railways Corporation to operate the entire system as if a single special franchise for such operation had been granted to it at one time. The valuation of the combined special franchises as finally fixed and equalized upon which the tax was based was $4,022,240. The tax assessed upon that valuation for the year 1936 was $108,600.48. The amount which the New York Railways Corporation was required to pay to the city in that year upon the combined special franchises " in the nature of a tax " amounted to $104,053.27. It claims that this entire amount may be deducted by it from the tax assessed upon the combined special franchises.

Section 48 of the Tax Law, which permits the deduction of the amount paid " on account of a special franchise " from the tax assessed upon such franchise, provides also that " no credit shall be given on account of such payment * * * in any other year, nor for a greater sum than the amount of the special franchise tax for city, town or village purposes, for the current year; * * *." In 1935 the sum of the amounts which were paid to the city of New York on account of the special franchises owned by the nine independent corporate entities, and upon which

separate taxes had been assessed, exceeded by approximately $50,000 the taxes levied upon these franchises from which the payments made to the city could be deducted. At that time the excess could not be deducted from the tax levied upon the special franchise on the other parts of the system. By the merger of the separate corporations in the New York Railways Corporation separate franchise rights to operate street railways over parts of the system now owned by the New York Railways Corporation have been combined in single ownership and in combination they constitute a franchise right to operate a street railway over the whole and every part of the system. By such merger the New York Railways Corporation has also become subject to the burden of making all payments required to be made to the city on account of each and all the special franchises now combined in single ownership. If the sum of all these payments may be deducted from a single franchise tax, the net amount which the New York Railways Corporation must pay upon the franchise tax will be reduced by the merger.

In *People ex rel. Metropolitan Street Ry. Co. v. State Board of Tax Commissioners* (174 N. Y. 417, 443) this court said that " the same corporation may have many special franchises, continuous or separate, yet they are all practially one, because they all belong to one system, the earning capacity of which may be ascertained, but not that of each special franchise independent of the others. By removing a central franchise, the line is broken and the value of all seriously impaired. The combination of all into a single enterprise gives the highest, if not the only value to each." Since the decision in that case whenever several special franchises " which belong to one system " have been owned by a single corporation no separate valuation has been placed upon the separate special franchises so combined in single ownership and used for a single operation. Though the result has been that in many cases the owner of an aggregate of special franchises to operate connected units of a railways system has been compelled to pay a tax assessed upon the

increased value created by the aggregation of franchise rights to operate many units into a single franchise right to operate an entire system, the city claims that the burden upon the taxpayer may not be reduced by the voluntary act of the taxpayer in creating that aggregation. We cannot accept that contention. At the date which fixed for the year 1936 the taxable status of special franchises the special franchise owned by the New York Railways Corporation was the aggregate of all the separate franchises which it had acquired. The tax was properly assessed upon the valuation placed upon this aggregate. The amounts payable " in the nature of a tax " upon the component parts of the aggregate could be deducted from the single tax assessed upon that aggregate.

The order should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur; CONWAY, J., taking no part.

Order affirmed.